Filed 3/5/2025 9:04 AM
Meagan Moore, District Clerk
Angelina County, Texas
By: Raeanne Kent,
Deputy Clerk

CAUSE NO. CV-00107-25-03

| | | |
|---|---|---|
| **THOMAS GOODWIN** | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | ANGELINA COUNTY, TEXAS |
| | § | |
| **ATWOOD DISTRIBUTING, L.P., D/B/A ATWOOD RANCH & HOME AND FISKARS BRANDS, INC D/B/A GERBER GEAR.** | § § § § | |
| | § | 159th/217th JUDICIAL DISTRICT |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now Thomas Goodwin (hereinafter, "Plaintiff"), and files this Original Petition complaining of and against Atwood Distributing, L.P., d/b/a Atwood Ranch & Home (hereinafter, "Defendant Atwood"), and Fiskars brands, Inc., d/b/a Gerber Gear (hereinafter, "Defendant Gerber") and would respectfully show the Court as follows:

### I. DISCOVERY LEVEL

Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00 and a demand for judgment for all the other relief to which Plaintiff deems herself entitled.

Plaintiff intends to conduct discovery in this matter under Level 3 of Texas Rule of Civil Procedure 190.3.

### II. PARTIES

Plaintiff Thomas Goodwin is an individual residing in Angelina County, Texas.

Defendant Atwood Distributing, L.P., d/b/a Atwood Ranch & Home is an Oklahoma Limited Partnership doing business in the State of Texas with its principal place of business located at 500 S. Garland Rd., Enid, OK 73703. Defendant may be served with process by and through its Registered Agent for Service: Registered Agent Solutions, Inc., Corporate Center One 5301 Southwest Parkway, Ste. 400, Austin, Texas 78735, or wherever it may be found. Service on

This document was retrieved from the iDocket.com website.

Defendant is hereby requested at this time.

Defendant Fiskars Brands, Inc. d/b/a Gerber Gear is incorporated in Wisconsin doing business in the State of Texas with its principal place of business located at 7800 Discovery Drive, Middleton, Wisconsin 53562. Defendant may be served with process by and through its Registered Agent for Service: Corporation Service Company d/b/a CSC-Lawyers Incorporated., 211 E. 7th Street, Ste. 620, Austin, Texas 78701, or wherever it may be found. Service on Defendant is hereby requested at this time.

### III. JURISDICTION & VENUE

The Court has subject matter jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limit of the Court. Venue is proper in Angelina County, Texas, as this is the county in which the cause of action occurred.

### IV. FACTUAL BACKGROUND

On June 5, 2024, Plaintiff was shopping on the premises of Atwood Rand and Home Goods, Defendant's store located at 3061 S. John Redditt Drive, Lufkin, Texas 75904. At the time of the incident, this store was owned, controlled, and/or operated by Defendant Atwood. Plaintiff was shopping when he walked over to a Gerbert knife display. As Plaintiff grabbed the knife, which was in its protective covering, the covering malfunctioned, causing the knife to bounce. The knife then hit Plaintiff's leg, causing it to bleed profusely. As a result of this incident, Plaintiff suffered serious and painful bodily injuries.

### V. NEGLIGENCE OF DEFENDANT ATWOOD

Because Plaintiff was on Defendant Atwood's premises to shop, he was an invitee at the time of the incident. The Gerber knife display was located inside of Defendant's premises and posed an unreasonable risk of harm to its business patrons such as Plaintiff. Defendant knew or reasonably should have known of the danger posed by the Gerber knife display on its premises.

This document was retrieved from the iDocket.com website.

Defendant owed a duty to its invitees, such as Plaintiff, to exercise ordinary care to keep its premises in a reasonably safe condition. Defendant breached its duty of ordinary care to Plaintiff in one or more of the following ways:

a. In creating the unreasonably dangerous condition through its agents or employees by having a knife with defective packaging on display in an area open to invitees;
b. In failing to place caution signs to warn invitees, such as Plaintiff, of the knife with defective packaging in an area open to invitees;
c. In failing to verbally warn invitees, such as Plaintiff, of the knife with defective packaging;
d. In failing to place any barriers in the area of the knife with defective packaging to prevent invitees, such as Plaintiff, from unwittingly being exposed to the unreasonable danger of broken rock bags;
e. In failing to make the condition reasonably safe by removing knife with defective packaging from the open area; and
f. In failing to properly inspect and maintain its premises.

Each of the above acts and omissions, singularly or in combination, constituted negligence which proximately caused Plaintiff's injuries and damages.

### V. NEGLIGENCE OF DEFENDANT GERBER

At all times relevant to this action, Defendant had a duty to manufacture, design, devise, test, package, label, produce, create, construct, assemble, market, advertise, promote, and distribute Gerber Controller Fillet Knife 10 in (hereinafter "Gerber knife") with reasonable and due care for the safety and well-being of those using the Gerber knife including but not limited to Plaintiff.

Plaintiff was a foreseeable user of the Gerber knife in that Defendant knew or in the exercise of reasonable care should have known, that the Gerber knife would be used by Plaintiff.

On information and belief, Defendant failed to exercise reasonable and due care under the circumstances and therefore breached their duties in the following ways:

a. failing to design the Gerber knife packaging in a manner which would eliminate or reduce the chances of the knife slipping out of its packaging;

b. designing, manufacturing, distributing and selling the Gerber knife without

This document was retrieved from the iDocket.com website.

       instructions or without proper instructions to avoid the harm which could foreseeably occur because of using or inserting the Gerber knife in the manner intended by or as directed by Defendants;

  c. failing to fulfill the standard of care required of a reasonable and prudent manufacturer, designer, distributor, and/or seller of the Gerber knife for consumer use, which were intended for use by persons of all ages or known to be used by persons of all ages;

Defendant Gerber knew or reasonably should have known that the defective condition(s) of the Gerbert Knife packaging made the tool unreasonably dangerous to people of all ages who would use or pick up the item.

At all times relevant to this action, the Gerber knife packaging was in a condition which made them unreasonably dangerous to an ordinary person.

At all times relevant to this action, Plaintiff was using the Gerber knife in the manner in which such device was intended.

As exporters, importers, designers, developers, manufacturers, inspectors, advertisers, distributors, suppliers, inventors, testers, packagers, labelers, producers, creators, makers, constructors, assemblers, marketers, promoters, and/or sellers of the Gerber knife, Defendant Gerber owed a duty of care to protect Plaintiff and all those similarly situated, including the countless consumers all over the world using Defendant Gerber's products.

At all times relevant to this action, it was foreseeable to Defendant that their actions or omissions would lead to severe, permanent, and debilitating injuries to Plaintiff and all those similarly situated.

As a direct and proximate result of each and all Defendant's negligence in designing, manufacturing, and marketing the defective Gerber knife, Plaintiff has suffered significant

This document was retrieved from the iDocket.com website.

temporary and permanent, continuous injuries, pain and suffering, disability, and impairment. Plaintiff has suffered mental anguish, emotional trauma, physical harm, injuries, disability, and impairment in the past and that will continue into the future. Furthermore, Plaintiff has medical bills both past and future related to care arising from and relating to the injuries suffered as a result of the defective Gerber knife packaging.

By reason of the foregoing, Defendant Gerber is liable to Plaintiff for all compensable damages as a result of Defendant's negligence.

### V. STRICT LIABILITY (MANUFACTURING DEFECT)

Plaintiff repeats and re-alleges each and every allegations of this petition as if set forth in full in this cause of action.

Defendant Gerber owes users of the Gerber knife such as to Plaintiff a duty of care to manufacture a product that is not unreasonably dangerous to users.

At all relevant to this action, Defendant exported, imported, designed, developed, manufactured, inspected, advertised, distributed, supplied, invented, tested, packaged, labeled, produced, created, made, constructed, assembled, marketed, promoted, and/or sold defective Gerber knifes thereby placing such product into the stream of commerce in a condition that was defective and unreasonably dangerous to consumers, including Plaintiff.

The Gerber knife packaging suffer from a manufacturing defect and are unreasonably dangerous, in part, because the offending packaging differ from Defendants' intended result or from other ostensibly identical units of the same product line for the following non-exhaustive reasons:

> a. the Gerber knife packaging did not properly secure the knife in the package, giving the user a false sense of safety while holding the product.

The Gerber knife was defective and unreasonably dangerous when they left the possession

This document was retrieved from the iDocket.com website.

of the Defendant.

As a substantial factor or, in the alternative, as a direct and proximate result of or, in the alternative, as a producing cause of the manufacturing defects, Plaintiff has suffered significant temporary and permanent, continuous injuries, pain and suffering, disability, and impairment. Plaintiff has suffered mental anguish, emotional trauma, physical harm, injuries, disability, and impairment in the past and that will continue into the future. Furthermore, Plaintiff has medical bills both past and future related to care arising from and relating to the injuries suffered as a result of the defective Gerber knife packaging.

By reason of the foregoing, Defendant Gerber is liable to Plaintiff for damages as a result of the manufacturing defects

Each of the above acts and omissions, singularly or in combination, constituted negligence which proximately caused Plaintiff's injuries and damages.

## VI. Damages

Because of the actions and conduct of Defendant set forth above, Plaintiff suffered bodily injuries and damages. By reason of those injuries and the damages flowing in law therefrom, this suit is maintained.

Because of the nature and severity of the injuries Plaintiff sustained, she has suffered physical pain, mental anguish and physical impairment, and in reasonable probability will continue to suffer physical pain, mental anguish and physical impairment into the future.

The injuries sustained by Plaintiff have required medical treatment in the past, and in reasonable probability will require other and additional medical treatment in the future. Charges incurred by Plaintiff for such medical treatment in the past and those which will in reasonable probability be incurred in the future have been and will be reasonable charges made necessary by the incident in question.

### VII. R<small>ESERVE THE</small> R<small>IGHT TO</small> A<small>MEND</small> & S<small>UPPLEMENT</small>

These allegations against Defendant are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding parties to and/or dismissing parties from the case. The right to do so is, under Texas law, expressly reserved.

### VIII.   R<small>EQUIRED</small> D<small>ISCLOSURE</small>

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose within the time period set forth in Rule 194.3 the information or material described in Rule 194.2(a)—194.2(l).

### IX. P<small>RE-</small>J<small>UDGMENT</small> I<small>NTEREST</small>

Plaintiff would additionally say and show that she is entitled to recovery of pre-judgment interest in accordance with law and equity as part of her damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest as provided by law and equity under the applicable provisions of the laws of the State of Texas.

### X. R<small>ULE</small> 193.7 N<small>OTICE</small>

Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against them during any pretrial proceeding and/or at trial without the necessity of authenticating the documents as permitted by Texas Rule of Civil Procedure 193.7.

### XI. P<small>RAYER</small>

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial, Plaintiff recover actual damages as specified above from Defendant, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special,

This document was retrieved from the iDocket.com website.

at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

             Respectfully submitted,

             PARANJPE MAHADASS RUEMKE, LLP

             _____
             F. Steeves Hopson, III
             State Bar Number: 24106112
             Tej R. Paranjpe
             State Bar Number: 24071829
             3701 Kirby, Suite 530
             Houston, Texas 77098
             TParanjpe@pmrlaw.com
             shopson@pmrlaw.com
             (832) 667.7700 Telephone
             (832) 202.2018 Facsimile
             ATTORNEY FOR PLAINTIFF

This document was retrieved from the iDocket.com website.